# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID LARRIETA-CLEMENTE,<br><br>　　　　　　　　　Defendant. | Case No.: 18mj3286-WVG-MMA<br><br>**ORDER AFFIRMING JUDGMENT** |

　　　　David Larrieta-Clemente appeals the judgment entered following his guilty plea conviction of misdemeanor illegal entry in violation of 8 U.S.C. § 1325. The Court has jurisdiction pursuant to 18 U.S.C. § 3402, and reviews for plain error. *See United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013) (holding that "the plain-error rule applies where, as here, the defendant failed to raise the Rule 11 violation before the trial court."). The Court concludes that the magistrate judge did not commit plain error, and therefore **AFFIRMS** the judgment.

　　　　Larrieta-Clemente argues that the magistrate judge accepted his guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3) in error because there was no

factual basis to support a finding that he eluded "examination or inspection by immigration officials," 8 U.S.C. § 1325(a)(2). There was no error. A violation of Section 1325(a)(2) "is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations." *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979).

According to the probable cause statement in support of the complaint, a border patrol agent apprehended Larrieta-Clemente after responding "an area known to Border Patrol agents as 'The Cedillo Cut,'" located "approximately 18 miles east of the Tecate, California Port of Entry and approximately one and one half of a mile north of the United States/Mexico International Boundary." Doc. No. 1 at 2. After observing and following shoe prints on a trial, the agent found Larrieta-Clemente and another individual "attempting to conceal themselves behind a large bush." *Id*. Larrieta-Clemente advised the agent that he is a citizen of Mexico "not in possession of documents" that would allow him "to enter or remain in the United States legally." *Id*. These facts are sufficient to support Larrieta-Clemente's conviction under Section 1325(a)(2). *See Rincon-Jimenez*, 595 F.2d at 1193 (holding that an unlawful entry occurred in violation of Section 1325(a)(2) when the defendant, "a Mexican citizen, illegally entered the United States . . . by traversing the beach between Tijuana and San Ysidro late at night. Because he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens."); *see also United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) ("[A] court need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record." (internal quotation marks omitted)); *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983) (recognizing that Rule 11 prescribes no specific method of establishing the factual basis so long as sufficient evidence on the record supports the conclusion that the defendant is guilty).

2

18mj3286-WVG-MMA

Nor did the magistrate judge err under Rule 11(b)(1)(G).  The record clearly demonstrates that the magistrate judge properly informed Larrieta-Clemente of the nature of the charge against him.  *See* Doc. No. 19 at 8-9.

Accordingly, the Court **AFFIRMS** the judgment.

**IT IS SO ORDERED**.

DATE: September 21, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge